E. P. JOHNSON & Co.
*vs*
SMALL.

---

# E. P. Johnson & Co, *vs* Small.

## APPEAL FROM THE MASON CIRCUIT.

### *Agents. Turnpike Roads. Diligence.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action on the case, brought by Small against E. P. Johnson & Co., as owners of a stage, for the negligence or wilful misfeasance of their driver, whereby in rapidly descending the public Turnpike Road near Maysville, the stage horses ran upon or came in conflict with the team of the plaintiff's wagon, which was ascending the hill, affrighting them, and causing them to turn suddenly down hill and run away with his wagon, breaking the same to pieces and crippling one horse, and greatly injuring the others. The plaintiff obtained a verdict for $130, for which judgment was rendered against them, and their motion for a new trial being overruled, they have brought the case to this court.

CASE.

*Case* 10.

*Sept.* 14.

Case stated.

JOHNSON & Co.
*vs*
SMALL.

The instructions of the Circuit Court to the jury, were as favorable to the defendants, if not more so, than they should have been, and they have no ground of complaint on that score.

If the defendant's agent, the stage driver, was guilty of negligence, or a want of due care, whereby the injury accrued to the plaintiff, he had an unquestionable right to recover against the defendants, unless the illegal or wrongful act of the plaintiff, caused the conflict and injury.

*If stage drivers are guilty of negligence by which an injury is done to another, their employers are responsible.*

The evidence is such, as to warrant the jury in coming to the conclusion, that he was guilty of negligence, or the want of due care, if not of wilfully and intentionally drawing his horses to the right, so as to throw them into conflict with the plaintiff's horses, as the means of checking their speed.

*The facts as proved before the jury.*

It appears that one of the blocks or rubbers, which was necessary by the assistance of a lever, to one end of which it was fastened, to check the speed of the stage coach, had become loose, and the driver when he received the team nine miles back, had procured nails and attempted to fasten it, and says he thought it was fast. This block or rubber droped off before or after he started down the hill, and in pressing upon the end of the lever without the block, the end under his foot was pressed down on the off horse, who plunged, and continued to plunge as often as it was pressed upon, as the means of impeading the speed of the stage, which caused the other horses to take fright and press forward until they ceased to be under the control of the driver. It is perfectly evident that the loss of the rubber, which was known nine miles back, and the attempt to descend a very dangerous hill without it, was the cause of the accident and injury which occur red. The jury might well have infered that the stage driver was guilty of negligence, or a want of due care, in fastening securely the block to the lever, when he received the stage. It is very certain that he did not secure it. And if he was not guilty of negligence at that time, knowing that it had been loose, and might not be well fastened, they might well have concluded that he was guilty of negligence, and the failure to exercise that care and vigilence which a cautious and prudent man would have ex-

ercised, in not examining the rubbers before he commenced the descent of so dangerous a hill. Nor does it clearly appear in evidence, that he could not have checked and halted his horses, on the hill, after the first plunge of the wheel horses, and fixed the rubber, though the driver himself was sworn as a witness. Moreover, it is proven by a disinterested witness, who was near, that the lead horses as they approached the lead horses of the plaintiff's wagon, so suddenly turned to the right upon them, that the stage was turned over to the left up hill, and the witness thought they were reined to the right upon the plaintiff's horses, as the means of stopping them. And tho' the stage driver swore that his lead horses turned to the right of their own accord, it was the province of the jury to weigh the evidence and to give credit to either, and is not the province of this court to control their determination, unless it were palpably against the weight of evidence, which we do not consider it to have been, in this case from the circumstances attending the case, and the bias which may be fairly presumed rested on the mind of the stage driver, from his dependant condition upon the defendants, his employers.

But it is contended that the plaintiff was guilty of a violation of the road law, and a dereliction of duty, in failing to turn to and pass the stage on the right, and is therefore responsible for all the consequences of the conflict.

It is provided, under a penalty, by the statute of 1842, (3d *Statute Laws*, 579,) that "all vehicles of every kind meeting, shall give to each other *one half* of the *McAdamized part of the road*, each *passing* to the right." If the plaintiff was guilty of a violation of the requirements of this statute, he is not only liable to the penalty, but if his disregard of its provisions caused the conflict and injury, he should not only bear the loss, but might be rendered liable to the defendants for any injury which they sustained in consequence of his illegal act. But from the proof before us, we cannot perceive that the plaintiff was guilty of any breach of the rule prescribed by the statute.

Johnson & Co.
*vs*
Small.

Provision of the statute of 1842, in relation to vehicles passing each other on Turnpike Roads.

JOHNSON & Co.
vs
SMALL.

Vehicles not moving or passing, are not required to occupy any particular part of a Turnpike Road.

Though the statute requires that vehicles meeting shall *pass* each other on the right, giving to each other one *half* of the road,. it does not require that a vehicle when it is not meeting or passing. another, shall occupy either the right or left, or any particular part of the road. It appears that the plaintiff's team, in ascending the hill, was occupying the left part of the road, when the stage, in turning a short bend of the road above him, hove in sight, at the distance of fifty yards from him, and that from the shortness of the distance between them, the rapidity of the stage's approach, and his then position on the road, had the plaintiff attempted to change the direction of his horses, with a view to *pass* to the right, that he could not have accomplished more, than to have drawn his horses and wagon obliquely across the road, by the time the stage arrived, thereby obstructing the entire road, and necessarily producing a conflict. It was therefore impossible, from his position, to *pass* to the right, leaving the *one half* of the road to the stage, and "*lex neminem coget ad impossibilia.*" Moreover, he did not attempt to *pass* to the right or left, but reined his team off the road to the left, in a corner of the fence adjoining, and halted them, leaving the greater part of the road for the stage to pass; and it is obvious, from the direction the stage horses were taking just before, that they would have pessed without a conflict, had it not been for their sudden turn to the right as they approached the plaintiff's team. Upon the whole, we think that the virdict of the jury ought not to be disturbed; the judgement of the Circuit Court is therefore affirmed, with costs.

*Hord & Payne* appellants: *McClung & Taylor* for appellee.